RECEIVED
JUN 30 2009
CLERK, U.S. DI...
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENT WOODALL,<br>Plaintiff, | § § § § § § § § § § § § | |
| v. | | C.A. NO. _____ |
| UNIVERSITY OF TEXAS SYSTEM<br>UNIVERSITY OF TEXAS HEALTH<br>SCIENCE CENTER AT SAN ANTONIO,<br>AND DR. NICOLAS WALSH,<br>Defendants | | JURY TRIAL DEMANDED<br><br>SA09CA0525FB |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Kent Woodall (hereinafter referred to as "Woodall" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this his Original Complaint, complaining of University of Texas System, University of Texas Health Science Center at San Antonio and Dr. Nicolas Walsh (hereinafter referred to collectively as "Defendants") and for cause of action would show the Court as follows:

### INTRODUCTION

1.  This action seeks all available relief, including but not limited to, equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for disability discrimination, family medical leave discrimination, and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, Chapter 21 of the Texas Labor Code, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, suffered by Woodall in the course of his employment with the Defendants. Woodall complains

1

that he was discriminated against regarding the terms and conditions of his employment and terminated because of his disability and in a manner which violated his rights under the Rehabilitation Act, the ADA and Chapter 21 of the Texas Labor Code and for exercising his rights under the FMLA. Woodall was also retaliated against for opposing the Defendants' illegal conduct under these statutes and was then constructively terminated. The reasons for Woodall's termination were a pretext. Woodall timely filed a Charge of Discrimination with the EEOC on claims relating to disability discrimination, retaliation and other violations.

## PARTIES

2. Plaintiff Kent Woodall is a male citizen of the United States, who is a resident of Boerne, Kendall County, Texas.

3. Defendant the University of Texas System (hereinafter referred to as "UTS") is an agency of higher education of the State of Texas, as that term is defined in §61.003 of the Texas Education Code. It is the governing body, which controls and regulates Woodall's employment. It has more than 500 employees. Service of the Summons and this Complaint may be made by serving its registered agent, Board of Regents of the University of Texas System, 201 W. 7th St., Austin, Texas 78701.

4. Defendant the University of Texas Health Science Center at San Antonio (hereinafter referred to as "UTHSC-San Antonio") is an institute of higher education, as that term is defined in §61.003 of the Texas Education Code. It is a component institution of Defendant UTS and Woodall's immediate employer. It has more than 500 employees. Service of the Summons and this Complaint may be made by serving its registered agent, William L. Henrich, M.D., Interim President, Vice President of Medical Affairs, 7703 Floyd Curl Drive, San Antonio, Texas 78229.

5. Defendant Dr. Nicolas Walsh ("Walsh") is a resident of San Antonio, Bexar County, Texas. This Defendant can be served at his residence, 114 Lacey Oak, San Antonio, Texas 78230 or at his business address, UTHSC-San Antonio, 7703 Floyd Curl Dr., San Antonio, Texas 78229.

6. Whenever in this Complaint it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees unless otherwise stated in this Complaint.

**JURISDICTION**

7. This action is brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

8. The unlawful employment practices were being committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division, as main location of Woodall's employment was at the time located herein.

9. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Woodall's state statutory employment discrimination claim Chapter 21 of the Texas Labor Code against Defendants, because Woodall's claim is so related to the claims within the court's original jurisdiction that it forms part of the same case or controversy under Article 3 of the United States Constitution.

10. Sovereign immunity to liability and to suit for discrimination has been legislatively waived by the provisions of §21.002 of the Texas Labor Code.

11. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## PROCEDURAL REQUISITES

12. Woodall timely filed a charge of disability discrimination and retaliation against Defendant UTHSC-San Antonio under Charge Number 451-2008-02069 with the Texas Workforce Commission—Civil Rights Division and the Equal Employment Opportunity Commission ("EEOC").

13. The acts and omissions alleged in this complaint are part of an ongoing pattern of discrimination and plan of retaliation, which culminated in the actions made the basis of this suit.

14. On or after April 3, 2009, the U.S. Department of Justice Civil Rights Division issued by regular mail a Notice of Right to Sue letter entitling Woodall to file an action in this Court of discrimination and retaliation.

15. The filing of this lawsuit has been accomplished within ninety (90) days of Woodall's receipt of the Notice of Right to Sue letter.

16. All other conditions precedent to filing this cause of action have been met.

## FACTS

17. Woodall is a male citizen of the United States of America.

18. At all times, Woodall was qualified for each of the positions that he held for Defendants.

19. In September, 2005, Woodall was hired by Defendants as a Physician Assistant.

20. Woodall worked for Dr. Nicolas Walsh ("Dr. Walsh") in the Physical Medicine and Rehabilitation Department of UTHSC-San Antonio.

21. As a Physician Assistant, Woodall was responsible for seeing patients, preparing patient notes, ordering various studies and other patient care duties. Woodall worked with other staff members who also reported to Dr. Walsh.

22. At all times relevant, Woodall was eligible for Family Medical Leave Act ("FMLA") time.

23. Woodall is a Gulf War veteran.

24. Woodall was diagnosed with cancer in his pelvis and left leg related to his military service.

25. In April, 2006, while employed by UTHSC-San Antonio, Woodall's left leg and pelvis were amputated as recommended by his physicians for treatment of his cancer.

26. Woodall used FMLA time during his cancer treatments and recuperation from his amputation.

27. As a result of the cancer treatments and amputation, Woodall continued to experience both severe chronic pain throughout his body and "phantom pain" in the limb that was amputated.

28. Due to the location and complexity of the amputation, Woodall was not a candidate for a prosthesis.

29. After Woodall's amputation, Woodall returned to work for Dr. Walsh.

30. On numerous occasions, Dr. Walsh suggested Woodall resign his position as a physician's assistant and attempt to live off of disability payments.

31. Dr. Walsh informed Woodall that Dr. Walsh would like to hire one or two more physician's assistants to handle the physician assistant's workload.

32. After Woodall's return from surgery, Dr. Walsh became increasingly critical of Woodall's work and repeatedly questioned Woodall's ability to perform his job. Dr. Walsh instructed his staff to treat Woodall in an adverse manner. Accordingly, some of Woodall's colleagues and some of the nurses began to treat him adversely.

33. Woodall continued to maintain his patient load during his cancer treatment and amputation recovery.

34. When Woodall refused to resign, Dr. Walsh and his staff increased Woodall's workload. In order to keep up with his increased patient duties, Woodall often worked twenty hour days. Woodall communicated his opposition to the harassment and discrimination against him.

35. Dr. Walsh and his staff refused to reasonably accommodate Woodall's disability and need for medical treatment related to his cancer diagnosis.

36. In January 2008, Dr. Walsh threatened to wrongfully report Woodall to Woodall's licensing agency due to Woodall's use of medications prescribed by Woodall's physicians in connection with his cancer treatment and pain management related to the amputation of his left leg.

37. Dr. Walsh offered to forgo making the report to the licensing agency if Woodall agreed to resign.

38. Due to the lack of reasonable accommodations made by Defendants and the wrongful threats made by Dr. Walsh, Woodall resigned under coercion, duress and intolerable

work conditions that a reasonable person would not tolerate, despite his not wanting to resign, on February 29, 2008. Woodall's resignation was in fact a constructive discharge.

39. Subsequent to Woodall's termination, Defendants hired two additional physician's assistants to handle the physician assistant workload for Dr. Walsh that Woodall was handling or being assigned.

40. Throughout all times relevant, Woodall has been willing to accept reinstatement with the Defendants.

## VIOLATIONS OF THE REHABILITATION ACT OF 1973

41. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

42. By harassing, retaliating and constructively terminating Woodall, Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, ("the Act").

43. Woodall was within the Act's protected class or persons; i.e. he had physical impairment that substantially limited a major life activity at the time of his termination and a record of same. The Defendants regarded Woodall as having a substantially limiting impairment.

44. The Defendants are covered employers under the Act. Dr. Walsh is a decision-maker with regard to accepting federal funding. Woodall is not required to exhaust administrative remedies for claims under the Act since the Defendants are not the federal government, but due accept funding and are otherwise covered by the Act.

45. Woodall was qualified for the positions he held for the Defendants and specifically for the position he held at the time of his termination.

7

46. Woodall was also qualified to assume other positions at the time of his termination.

47. There was no legitimate non-discriminatory reason for Woodall's harassment, retaliation and constructive termination.

48. Woodall received no warning, counseling, or reprimand of any kind before his notice of termination to give him notice of any performance problems. To the extent Woodall needed any reasonable accommodation to perform his duties, the Defendants failed to provide such accommodation.

49. Other direct and/or circumstantial evidence exists showing that Defendants intended to discriminate on the basis of Woodall's disability in reaching its decision to terminate Woodall.

50. Disability was the causal factor in the employment decisions made regarding Woodall under the Act.

51. As a result of Defendants' actions, Woodall has suffered a loss of wages and benefits in the past and will suffer a loss of wages and benefits in the future. Additionally, the aforementioned discrimination and violation of the Act was done willfully. Woodall is entitled to all damages under the statute, including but not limited to, equitable relief, compensatory damages, punitive damages to the extent they are available, attorney fees and costs and any other relief provided

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

52. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

53. By terminating Woodall, Defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA").

54. Woodall was within the Americans with Disabilities Act's protected class; i.e. he had a perceived or real disability at the time of his constructive termination.

55. Woodall was qualified for the positions he held for the Defendants and specifically for the position he held at the time of his constructive termination.

56. Woodall was also qualified to assume other positions at the time of his termination.

57. There was no legitimate non-discriminatory reason for Woodall's harassment, retaliation or constructive termination under the ADA.

58. Woodall received no warning, counseling, or reprimand of any kind before his constructive termination to give him notice of any performance problems.

59. Other direct and/or circumstantial evidence exists showing that Defendants intended to discriminate on the basis of Woodall's discrimination in reaching its decision to terminate Woodall.

60. Disability was a causal factor in the employment decisions made regarding Woodall. Woodall was provided no reasonable accommodation for his disability.

61. As a result of Defendants' actions, Woodall has suffered a loss of wages and benefits in the past and will suffer a loss of wages and benefits in the future. Additionally, the aforementioned discrimination and violation of the Americans with Disabilities Act was done willfully and therefore, Woodall is entitled to punitive damages as enumerated by the statute. Woodall is further entitled to equitable, compensatory damages, attorney fees and costs and any other relief provide by the ADA.

## VIOLATIONS OF CHAPTER 21 OF THE TEXAS LABOR CODE

62. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

63. By terminating Woodall, Defendants violated Chapter 21 of the Texas Labor Code prohibiting disability discrimination and retaliation.

64. Woodall was within the Chapter's protected class; i.e. he had a perceived or real disability at the time of his termination.

65. Woodall was qualified for the positions he held for the Defendants and specifically for the position he held at the time of his termination.

66. Woodall was also qualified to assume other positions at the time of his termination.

67. There was no legitimate non-discriminatory reason for Woodall's termination.

68. Woodall received no warning, counseling, or reprimand of any kind before his notice of termination to give him notice of any performance problems.

69. Other direct and/or circumstantial evidence exists showing that Defendants intended to discriminate on the basis of Woodall's discrimination in reaching its decision to terminate Woodall.

70. Disability was a causal factor in the employment decisions made regarding Woodall.

71. As a result of Defendants' actions, Woodall has suffered a loss of wages and benefits in the past and will suffer a loss of wages and benefits in the future.

72. Additionally, the aforementioned discrimination and violation of Chapter 21 of the Texas Labor Code was done willfully and therefore, Woodall is entitled to punitive damages

as enumerated by the statute. Woodall is further entitled to equitable, compensatory damages, attorney fees and costs and any other relief provide by the provisions of Chapter 21 of the Texas Labor Code.

## FAMILY MEDICAL LEAVE ACT VIOLATION

73. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

74. Plaintiff took time off from work to care for his own serious health condition under the Family Medical Leave Act ("FMLA").

75. After Plaintiff took leave under the FMLA, Defendants discriminated and retaliated against him for taking FMLA leave and for having a serious condition requiring on-going use of FMLA leave.

76. Defendants discrimination and retaliation of Plaintiff was in violation of 29 U.S.C. § 2601 *et seq.* and specifically, but not limited to, 29 U.S.C. §§ 2612, 2614 and 2615.

77. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

78. As a result of Defendants' actions in violation of the FMLA, Plaintiff has suffered adverse employment action, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future. As such, Woodall seeks all remedies provided by the FMLA including back pay, front pay, any equitable awards as awarded by the Court, attorney fees and costs.

## RETALIATION

79. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

80. Plaintiff opposed discriminatory conduct that was in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, Chapter 21 of the Texas Labor Code and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

81. Defendants retaliated against Plaintiff for opposing the illegal conduct and Plaintiff has been damaged as a result of the retaliation. Plaintiff is entitled to all remedies enumerated under the statutes.

## ATTORNEY'S FEES

82. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

83. Woodall is entitled to recover attorney's fees and costs for bringing this action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, Chapter 21 of the Texas Labor Code, the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

## DAMAGES

84. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

85. As a result of Defendants' violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act, Chapter 21 of the Texas Labor Code, the FMLA and ERISA, Woodall seeks the following relief: (1) back pay; (2) reinstatement, or if reinstatement is deemed not feasible, front pay; (3) loss of wages and benefits in the past and in the future; (4) costs of court, expert fees and attorney's fees; (5) mental anguish and emotional

distress in the past and future; (6) any equitable award or relief provided by any of the statutes violated, (7) pre-judgment and post-judgment interest and any other relief allowed by the statutes.

86. Additionally, because Defendants' actions were committed intentionally or with reckless indifference to Woodall's federally protected rights, Woodall is entitled to recover punitive and/or exemplary damages or equitable relief in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

## JURY DEMAND

87. Woodall requests a trial by jury on issues triable by a jury in this case.

## PRAYER

WHEREFORE, Plaintiff, Kent Woodall, respectfully prays upon final trial hereof, this Court grant him: appropriate back pay and front pay, including but not limited to, his salary and lost insurance and other benefits past and future; compensatory and punitive damages as allowed by law; mental anguish damages; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; nominal, actual, equitable and exemplary or any other damages as allowed by federal law and state law; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

By: _____
Howard T. Dulmage
Attorney-in-Charge
SBOT No. 24029526
Federal I.D. No. 28826
The Law Offices of Howard T. Dulmage, PLLC
2323 Clear Lake City Blvd., Suite 180 MB186
Houston, Texas 77062
Tel:   281 271-8540
Fax:   832 295-5797

ATTORNEY FOR PLAINTIFF,
Kent Woodall

OF COUNSEL FOR PLAINTIFF:

Philip G. Bernal
SBOT No. 02208758
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Tel:   210 490-7402
Fax:   210 490-8372